Pavel SHVETSOV; Julia Sosnovskaya, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–71489.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2009.

Filed April 29, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jason Michael Steele, Morgan, Lewis & Bockius LLP, Los Angeles, CA, for Petitioners.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gladys Marta Steffens Guzman, Esquire, Andrew Jacob Oliveira, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, GOULD and BYBEE, Circuit Judges.

### MEMORANDUM *

Pavel Shvetsov and Julia Sosnovskaya petition for review of the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners argue that the Board of Immigration Appeals (BIA) erred by (1) making an adverse credibility determination based on Shvetsov's demeanor and (2) requiring corroborating evidence of Shvetsov's membership in the Jehovah's Witnesses. The parties are familiar with the facts of this case and we do not repeat them here. We find that the adverse credibility finding is supported by substantial evidence in the record, and therefore deny the petition.[1]

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant." 8 U.S.C. § 1158(b)(1)(B)(iii). We accord "special deference to an IJ's credibility determination, and will only exercise our power to grant a petition for review when the evidence compels a contrary conclusion." *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005) (quotation and alteration omitted). Indeed, "the IJ has an opportunity to make a first-person evaluation of all of the subtly conveyed factors that, together, can be evidence of a petitioner's credibility ... [,] and it would be extraordinary for a reviewing court to substitute its second-hand impression of the petitioner's demeanor, candor, or responsiveness for that of the IJ." *Jibril v. Gonzales,* 423 F.3d 1129, 1137 (9th Cir.2005). Thus, so long as the BIA explicitly describes any non-verbal factors of an applicant's demeanor that

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We review the BIA's adverse credibility determinations under the substantial evidence standard. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir.2004). Under this standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review questions of law de novo. *De Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). Where, as here, the BIA adopts its own conclusion but its brief analysis gives "significant weight to the IJ's findings," we will "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1197 (9th Cir.2000).

supported its finding, "such evidence ... is effectively unreviewable and must be accepted as supporting an adverse credibility finding." *Id.* We will uphold an IJ's adverse credibility finding "so long as one of the identified grounds is supported by substantial evidence." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

Here, the IJ described a number of specific verbal and non-verbal factors that prompted its adverse credibility finding. First, Shvetsov testified that he joined the Jehovah's Witnesses in July 2002. When the IJ asked if Shvetsov had any evidence of joining the Jehovah's Witnesses, Shvetsov "had a long pause and did not answer." When asked again whether he had any proof that he had joined the Jehovah's Witnesses, Shvetsov responded, "I don't want to make any mistake." The IJ noted that he felt this was a strange response in the context of the proceedings. Later, when asked whether he could obtain proof of his membership, Shvetsov "had another long pause and responded in the negative." In another portion of the proceedings, Shvetsov's counsel asked him if he had been charged with any crime during a detention in Russia. Both the IJ and opposing counsel noted a long pause before Shvetsov responded.

We find this evidence sufficient to uphold the IJ's and BIA's conclusion that Shvetsov did not testify credibly. We refuse to substitute our judgment, on the basis of a stale paper record, for that of the IJ who actually witnessed Shvetsov's demeanor at multiple hearings. "Certainly most witnesses are uncomfortable and nervous when being cross-examined and, perhaps, when being questioned by a judge. Nonetheless, we find no reason to discount the IJ's reliance on Petitioner's demeanor here." *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999).

"The burden of proof is on the applicant to establish that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(i). Moreover, the testimony of the applicant alone is only sufficient to sustain this burden "if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Id.* § 1158(b)(1)(B)(ii). Because Shvetsov did not satisfy the IJ that his testimony was credible (and because he did not provide any other evidence to support his alleged involvement with the Jehovah's Witnesses), petitioners' application for asylum must fail. It follows that petitioners have also failed to satisfy the higher standard for withholding of removal, *see Lanza v. Ashcroft,* 389 F.3d 917, 933 (9th Cir.2004), or for meeting their burden under CAT, *see* 8 C.F.R. § 1208.16(c).

Petitioners allege that the IJ and BIA erred in requiring corroborating evidence of Shvetsov's membership as a Jehovah's Witness. However, because Shvetsov did not satisfy his burden to provide credible evidence, we need not address this issue. As noted above, testimony alone is sufficient to sustain an applicant's burden only if the trier of fact is satisfied that the testimony is credible, persuasive, and specific. 8 U.S.C. § 1158(b)(1)(B)(ii). Here, Shvetsov's testimony did not meet this burden. Thus, even if the IJ incorrectly focused on proof of Shvetsov's formal membership in the Jehovah's Witnesses, it did not affect the outcome because the petitioners failed to provide *any* credible evidence in support of their petition.

We note that Shvetsov is the one that forced the application to hinge entirely on his credibility. The IJ repeatedly asked Shvetsov if he would like additional time to obtain evidence corroborating his involvement with the Jehovah's Witnesses. Shvetsov stated that he did not want addi-

tional time. The IJ advised Shvetsov that based on what he had observed, he did not believe Shvetsov's testimony was credible. Nonetheless, Shvetsov responded that he did not want additional time to provide corroborating evidence and he would prefer that the IJ's decision rest on his word. The IJ did what Shvetsov asked, ruled on the basis of his testimony alone, and, as promised, found that this testimony was not credible. The record does not compel a contrary conclusion.[2]

**PETITION DENIED.**

---

**2.** We recognize that at the conclusion of the proceedings before the IJ, after Shvetsov had refused multiple opportunities to obtain additional evidence, Shvetsov's counsel asked for more time to obtain evidence of Shvetsov's involvement with the Jehovah's Witnesses. The IJ denied this request. We need not determine whether this denial was appropriate because Shvetsov chose not to appeal that decision to this Court.